Good morning. The first case this morning is 09-3264 Byrum v. the Office of Personnel Management. Mr. Stevens. Thank you, Your Honor. Good morning. May it please the Court. The petitioner in this case is entitled to the benefits at issue for two separate reasons. First, the subsequent assignment of the benefit to the petitioner, we believe, is not prohibited by five United States Codes, section 8470A, and must be honored by the government. And our second position, second argument, Your Honor, is that the Texas State Courts turnover order awarding the benefits to the petitioner is entitled to full faith and credit under section 28 U.S.C. 1738. Mr. Stevens, the very first question, for me at least, perhaps you can help me, is what are the benefits at issue? The benefits at issue, Your Honor, are the lump sum payment under, it's 8442B1A, and Your Honor, arguably, I think it could also entail the annuity under 8442B1B, although I will state to the Court that we did not technically apply for that benefit. Well, wait a minute. Hold it. Careful, Mr. Stevens. In your letter to OPM of July 17, 06, you talk about the death benefits. Yes, Your Honor. What did you understand? Well, you didn't write that letter. Ward wrote that letter. Yes, sir. Ward wrote it. What did you think he was asking for? Your Honor, at the time, we thought it was the lump sum death benefit. It wasn't until we got into this case that we realized that there may be another applicable benefit, and I'm not saying that she's even entitled to that. I'm just saying that I realize that there is another benefit at issue, but to answer your question, at the time we started this, we were only seeking the lump sum benefit. What are you seeking now? Your Honor, we are seeking that benefit, but to the extent that she would be entitled to the other benefits, we would like that resolved as well. What did you think was assigned by the spouse to your client in the assignment document? The lump sum death benefit, Your Honor. Not the annuity? No, sir. I mean, I think the turnover order... Have you really thought that through, Mr. Stevens? I really, my main focus in this case from the beginning was the lump sum benefit. Not the annuity? No, sir. Your case? But now that he's been convicted of murder, did he have anything that he could have assigned? Your Honor, our position on that is, and I understand this Clark opinion and that the government sent you that letter on this, we believe that Clark is not relevant because at all times relevant to this case, Mr. Moulton was eligible for these benefits. He was eligible under the statute, under the regulations, and under state law. He wasn't eligible until he was convicted. Your Honor... The conviction relates back to the event of the murder, doesn't it? But that's something that's happened since this case has started and gone up on appeal, and we don't believe that they can come back now and interject new facts. Now, I will tell you this. In going through this case, 8470B provides a clawback provision. So if the court did have some reservations about awarding this benefit to the petitioner in this case, the government does have a remedy. Now, I would like to point out that that remedy under 8470B, it's viewed under a totally, it's viewed under a different standard. In that case, they look to see if the individual is without fault and recovery would be against the equity and good conscience. So I understand the court's concern about the subsequent conviction. Again, we just believe that Mr. Moulton was eligible at the time in question. Eligible when? He would have been... Before he was convicted? Yes, sir. He was eligible before he was convicted. He was innocent until proven guilty. He was eligible when we applied for the benefits with OPM. He was eligible when this case went before the ALJ. He was eligible when this case went up to the Merit System Protection Board. And he was eligible, I take it your argument, is at the time he made the assignment? Absolutely. Now, what is the significance of his later conviction with regard to that eligibility? Well, I don't think you can look at, I mean, I don't think we can look at that conviction in the context of this appeal because we have to look at the facts that were in issue when we filed for this benefit and when this case went up the chain. And that's why I point you back to, I mean, what should have happened in this case? OPM should have paid that benefit to Mr. Moulton. And by the turnover order, we should have been entitled to receive it. He was clearly eligible for it. Their remedy, because they were on notice that, yeah, maybe this guy might be convicted later, their remedy was this clawback provision. So if they even had a concern about paying it out, they had a remedy to get it back. Is there a time by which they have to make the payment? I'm sorry, Your Honor? Is there a time by which they have to make the payment? Well, that was what I pointed out to the ALJ the whole time. I'm like, the government can't hold this money in perpetuity until this guy's convicted. I mean, what if he was acquitted? And they never addressed that issue. And I'm not aware of a procedure that lets them sit on this benefit as long as they want to until something goes in their favor. I mean, that just does not make sense or seem fair. Well, the assignment was valid in your judgment when it was made. Could it be considered an assignment void ab initio because of the conviction? I don't believe it could, Your Honor. I mean, the assignment, he made the assignment. It was a court-ordered assignment. I mean, the turnover order is a Texas state court order. He did not appeal it. Well, the turnover was based upon the bankruptcy, wasn't it? No, Your Honor. What was the bankruptcy's impact? We have references in the brief to some bankruptcy cases regarding an NREM claim, but that's only just to show the context of the turnover order, that this was not a bankruptcy proceeding. It was an actual turnover by the Texas court. Yes, what happened was when Mr. Moulton, after we got the civil judgment, he immediately started trying to collect all these benefits. So we had to enjoin him from getting those benefits. And when we got the civil judgment and we started sending them to the government to get life insurance benefits and retirement benefits, they said, well, he hasn't been convicted of a crime. So, therefore, you're not entitled to them. So then we're faced with the dilemma, well, we've got the civil judgment against this guy. How do we get these benefits and stop him from getting them? And that's when we went and asked for the turnover order, which he showed up, represented by counsel. The judge granted it to us. He did not appeal it, and thus it became a final order in the state of Texas. Counsel, so on that basis then what you're saying is the proper procedure would have been for the government to turn the money over and then after his conviction to recover it, even though the money might no longer be available from anyone. Absolutely. I think they had the obligation to turn it over. They had a remedy to try and get it back. But at that point in time, they are looking at it from a different angle. Do they have a right to get it back now, counsel? Arguably, I believe that if it is paid, they could do this clawback provision. But I want to stress that you look at this under a different standard. Counsel, let me ask you this question. If you're limiting your claim to the lump sum, what about Section 8470, which makes that claim unassignable? Well, that goes to our statutory construction argument, Your Honor. The government's position is clearly this, that it is an annuity and it… Forget the government's position, because the government's position is largely incomprehensible. But let's stick with what your argument is. My argument is this. If you look at this lump sum payment under 8470A, it is a complete anomaly. 8470A talks about… But the statute is very clear. The statute says an amount payable under subchapter 4, which this provision that you're talking about falls, is not assignable, period. And the only exception doesn't apply to you because you're not asking for the annuity, apparently. You're only asking for the lump sum. The statute… How could you write a clearer statute than that, Counsel? Let me explain, Your Honor. The statute… Look, if you look at this lump sum payment in the context of 8470A, 8470A deals almost entirely with annuities. No, it deals with amounts. Okay, but… It says an amount and amount payable under subchapter 4. But look what it addresses. It talks about subchapter 2, which is clearly annuities. It talks about subchapter 4, which is where this lump sum benefit comes from. Plus an annuity. Right. Plus two annuities. Two annuities. It's sandwiched between two annuities. And then it talks about subchapter 5, which is also annuities. And then it talks about the exception, which is 8465, which deals with the assignment of annuities. Right. Our position is if the government… So it accepts everything except your lump sum payment. It's an anomaly. The lump sum payment is an anomaly in this section. It does not fit and it does not have the benefits of all the other payments in there. It's the only one that's not assignable. Your Honor, we went and looked at the legislative history regarding these benefits. And it said Congress wanted to approximate private sector insurance practice by providing an option of a lump sum payment. And then it said it wanted to help survivors meet the financial demands resulting from the loss of a spouse, which is understandable. But in this context, an amount payable, it makes no sense to include the lump sum because, think about it, making a death benefit unassignable does not accomplish the goal of Congress. The benefit paid to the spouse, we're talking about a spouse at the time of death that needs money. We're talking about giving that spouse an opportunity to monetize this benefit in order to get money quickly. Like a tax refund, you can monetize those before receipt. Like a life insurance policy. Like a civil judgment, which you can monetize before receipt. Here, you can't do anything with this benefit. And we know from this case, it might take you seven months to several years to ever receive the benefit. So the logic behind having this thing completely unassignable and just stuck in limbo makes no sense to what Congress intended. Well, it's a marvelous argument. Why don't you take it to Congress? They wrote the statute. Yes, sir. So why don't we hear from the government, and we'll give you your full rebuttal time back. Okay, thank you, Your Honor. Mr. Rabinowitz? You may please the court. The court should affirm for four independent reasons. The court should affirm what? For four independent reasons. What are we affirming? The affirmance of the MSPB judgment. The MSPB judgment was limited to one thing, which is that Ms. Bynum is not the spouse. But that's not the case. That's not the issue in the case. I think the government's position is absurd. The MSPB says she's not the spouse. She never said she was anybody's spouse. Why are you even here, counsel? Well, it is correct that the MSPB judgment specifically discussed the issue of spouse. It's the only thing it discussed. The opinion denied petitioner her benefits. And this court can affirm. The opinion of OPM? Correct. And it said only that she's not the spouse. Well, OPM also indicated two other reasons for the denial of benefits. From the initial letter, OPM indicated that Mr. Moulton wasn't entitled. Are you talking about OPM's reconsideration decision? No, OPM's initial decision. That's no longer valid. It's the OPM reconsideration decision under the statute that is the decision of OPM. Would you please read tab 7 of the appendix? This is OPM's consideration decision. Yes. What does it say? The entire... No, just the relevant part. Well, the relevant part... The decision part. The decision part indicates a distinction between the group life insurance benefit... Which has nothing to do with anything. Go ahead, read the rest of it. ...and the employee death benefit and what OPM's decision... What does it say about why she does not recover? Because clearly the FERS laws and regulation provide for the payment of the basic employee death benefit to eligible spouses of an employee or a member of Congress who die after completing at least 18 months of creditable civilian service. In conclusion, you're not eligible for the basic employee death benefit because you're not a widow of the deceased. You're not a widow. Sure. She never said she was. Correct, but... So we have no decision, counsel, by OPM on the only relevant issue, which is, was there a valid assignment from Mr. Bolton and Ms. Bynum of the death benefit? Why can't we have that decision addressed? Well, first of all, the governance position is that the OPM decision, while it's correct that the passage that I just read indicates or limits to the spouse, when read on the whole, what OPM was doing was distinguishing between the basic employee death benefit and the federal employee group life insurance benefit. Which has nothing to do with anything because that's not what the letter... Let's go back to the letter that was sent to OPM on July 17th, 06, and then re-sent to OPM on January 22nd, 07, all of which discussed the assignment question, right? Correct. And they never claimed a benefit based on her being her mother's spouse. Why? Because nobody ever thought she was her mother's spouse, except OPM and MSPB. Why couldn't the government at that point have said to OPM, hey guys, you answered the wrong question. Let's have the right question answered and then we'll litigate. Again, turning to OPM's reconsideration decision, the reason that the federal employee group life insurance benefit is relevant and is important because the distinction that OPM was implicitly making was that the federal employee group life insurance benefit is assignable in contrast or in contradistinction to the basic employee death benefit. Now, it is true that OPM could have been clearer in its decision and actually... OPM, by distinguishing the basic employee death benefit from the federal employee group life insurance benefit, the point of that was to indicate that that may be assignable, but this is not assignable. Furthermore, OPM did indicate to MSPB in a letter to MSPB that its position was that this benefit was not assignable. OPM, and it's at the Joint Appendix JA 118-119. What tab is that? That's at tab 14, Your Honor. That's the letter that was withdrawn. This is the...  I don't know that that was... Well, check it out. I think you'll find that that letter was the only letter that actually addressed the issue and was, for some reason, withdrawn from OPM's statement and replaced by their reconsideration decision, which you'll find at tab 7. Well, my understanding, Your Honor, is that the decision that was withdrawn is at tab 6, and that was the initial OPM decision that referenced the fact that Mr. Mouton was the responsible party for Ms. Mouton's death. That letter was withdrawn. That was the initial decision. That was the initial decision. That was overtaken by the reconsideration. Reconsideration decision. I don't understand this letter to be withdrawn. If I'm mistaken, I have to take a look at that. Let me ask you this hypothetical question. Let's assume you have an employee who dies, and the employee's spouse sends a letter to OPM and says, I would like to have the death benefit that is provided under the statute. OPM writes back and says, You are not entitled to any insurance benefits because the employee did not carry a separate insurance policy. The employee then writes back to OPM and says, I didn't ask for insurance benefits. I asked for the death benefit that is a separate thing under the statute. Please reconsider. OPM reconsiders and sends another letter back and says, You are not entitled to any insurance benefits because your deceased wife never paid the premiums. That appeal was taken to MSPB, and MSPB says, Well, that's right. We've looked into this whole matter, and she never paid any insurance premiums. You lose. Is that the end of the case? No. The death benefits are gone? No, Your Honor. No. Why not? What is the remedy when OPM doesn't even address the question that's been posed to it? Well, the remedy… What is the remedy? Well, if OPM never addressed the issue in front of it, that is, if OPM never addressed the basic employee death benefit at all, and they never issued an opinion about the basic employee death benefit, then, of course, the employee is still entitled to have a hearing on that issue and is still entitled to request that benefit. To have a decision by OPM? Correct. But in this particular case, OPM denied the basic employee death benefit. That is, they did not deny some other benefit. Instead, they denied the basic employee death benefit. But they denied it because the daughter was not the spouse of the mother. It's correct. That's the explanation. It's the only explanation OPM ever gave. And it was the basis on which the MSPB affirmed OPM. The administrative judge, a brilliant individual, came to the same conclusion, that the daughter was not the spouse of the mother. Tosca couldn't write this drama if he tried. And why is the government up here on appeal trying to defend this? Explain that to me. The government is defending the judgment and not the particular opinion. And as this Court has said, that the Court sits to review judgments and not opinions. So while the opinions may not have addressed particular issues, the judgment was that petitioner is not entitled to the basic employee death benefit. And that judgment is correct for… Why is that correct? For four reasons. I think there's an assignability problem. There's an assignability problem. Never addressed. Correct. There's a slayer problem. Correct. Never addressed. Can't tell whether the Texas state law deals with that problem or not. Judge Mayer correctly raised the question, well, does that subsequent conviction relate back? All of that is subsumed, according to you, in a decision that says, well, she's not the spouse of her mother. All those issues are subsumed in that decision? Well, again, with regard to the assignment issue, turning to this letter that Your Honor focused on, the letter was in response to petitioner's argument about the federal employee group life insurance policy. And specifically, petitioner made the argument that assignment is appropriate because assignment was accepted with regard to the federal employee group life insurance policy. And therefore, petitioner argued that the same should apply to the basic employee death benefit. So read in that context what OPM was doing. So that decision, what you're arguing, that decision was a decision on the assignability. Correct. Good. The issue before us is, did the MSPB correctly decide her appeal? Point to the language in the decision of the MSPB that addresses that question. We don't review what OPM did. We review what MSPB did. What did MSPB say about the assignability issue? The MSPB did not address the assignability issue. That's the end of your case. Well, again, this court reviews the judgment, not the opinion. And the judgment was that petitioner is not entitled to the basic employee death benefit. It's correct that the opinion doesn't address assignability, but again... So that the right to go to MSPB to have an appeal from OPM is not a right to have an appeal on the issues that you bring to OPM that were never addressed. Your only right is to hope that you get a judgment that accidentally is in your favor. I think that the way that the government would phrase it would be that one has a right to appeal to MSPB and MSPB did not address every single issue that a petitioner to MSPB... Every single issue? In its opinion... How about the central issue, counsel? Are you really happy with your case, counsel? I think that, again, we are here trying to defend the judgment of the denial of benefits. We are not here to defend the particular opinion and what the opinion necessarily addressed or did not address. Well, it is true that when we are reviewing a lower court that we can affirm it on any basis that the law and the record support, but when we're addressing an administrative ruling, aren't we bound by what the rationale of the opinion was and aren't we limited in our ability to thrash around and find something else on which to affirm? Yes, I mean, this court has said repeatedly, applying the Supreme Court's ruling in Chenery, that we may, however, where appropriate, affirm the board on grounds other than those relied upon in rendering its decision when upholding the board's decision does not depend upon making a termination of fact not previously made by the board. So this court can... Not based on determinations of fact and of fact determinations? I'm sorry? I'm sorry, I didn't understand what you were reading. That this court can, where appropriate, affirm the board on grounds other than those relied upon in rendering its decision when upholding the board's decision does not depend upon making a determination of fact not previously made by the board. So anytime that there is additional factual determinations that are required to be made, when the facts are, for example, when there are contested facts or the like, then obviously this court isn't a fact-finding court. But again, the court can affirm the board on grounds other than those relied upon by the board below. But we can't make fact-finding at this stage, can we? You're saying we can violate the Chenery Rule and go outside of the record and make findings? No. No, Your Honor, not at all. So what is the basis of the judgment, as Judge Flager points out, what is the basis of the judgment of the MSPB? On what is it ground? On what grounds can that support an affirmance? This court can affirm because, again, there is no entitlement. The benefit cannot be assigned. Even assuming it can be assigned, it cannot be assigned to an individual. So for all those reasons, the denial of the MSPB's affirmance of the denial of the basic employee death benefit is correct and should be affirmed. Well, Mr. Rabinowitz, let me ask you this. Assuming that the petitioner had not given away the annuity, we'd have a whole different problem with the annuity, wouldn't we? The Part B. Potentially, one can make the argument, although the government's position is, is that merely by splitting up this lump-sum payment into 36— No, no, I'm talking about the Part B annuity. Part B annuity, the— She's entitled— 50% of the— A spouse is entitled to a lump-sum payment, which could be paid in installments. Yes. And if you're a 10-years employee, to an annuity for the spouse, right? Yes. If that annuity issue was before us, you'd have a more difficult problem, wouldn't you? Yes. If, in fact, it's an annuity, then there is an exception to the general rule against assignability. Against assignability. However— As I read, perhaps obviously mistakenly, as I read their initial letter to the government, it included both—it included all of the death benefits, which would have included both the lump-sum and the annuity. And, indeed, LPM's initial response identified those two elements, didn't they? Yes. Yeah. But— So if that issue was still before us— If—but, again, there was a reconsideration letter, and my understanding is that the only issue before this court is— Well, the reconsideration letter didn't even address that issue. But, again, the petitioner concedes that the only issue before this court is the single lump-sum payment, and that is not an annuity. And even if it would be an annuity, however, Your Honor, an annuity, according to the current—well, according to the only regulations that we have from the agency, that annuity can only be assigned to organizations and not to— Oh, I love that. Let me ask you a question about that. In your brief, you say, even if we assume for the sake of argument that the DEDB is an annuity, which it could well be if it was misunderstood by that title and included both benefits, OPM would not allow the assignment to Ms. Byram. OPM has not issued regulations that state what assignments it considers appropriate pursuant to the statute. However, OPM states that its practice when it receives a request to assign a FERS annuity has been to apply the corresponding regulations of CSB. Where do they state that, sir? You don't have any citation. What do you mean they state it? That's probably an inarticulate way of providing to the court that the regulations that OPM looks to because it has— What looks to? They have one set of regulations for one program, and are you telling us that we should consider that this case is decided by regulations that apply to a different program because somebody in OPM stated that? No. Is that what you're telling me? No, Your Honor. All the government means by that is that in absence of any regulation— again, because under the statute, the exception provides that if it is in fact an annuity, it's subject to whatever OPM deems appropriate. Right, which is a wonderful phrase. Because there's an absence of regulations to determine, so we look to corresponding regulations. We don't necessarily mean to imply to the court that merely a statement without any citation or the like is definitive by any stretch. Instead, all we're doing is in absence of any particular regulations— You're telling us that OPM does something that it never has disclosed in notice and comment rulemaking and has not officially adopted that they're going to apply CSRS regulations to an FERS program? No, Your Honor. No, that's a good answer. No. Thank you. Your time has expired. Thank you, Your Honor. I just want to make the point that we didn't intend to waive the right to claim the annuity. It just came up in the context of the lump sum benefit, and what we're trying to get is— You covered that before. Let me ask you another. Yes, sir. In response to the argument he just made that the board can affirm on a basis other than the one they stated, and we now know that as a matter of law, he's convicted of having murdered the person, and as of that instant, retroactively, was not eligible to assign or receive any benefits. Isn't that another basis on which this case could be affirmed? I think the issues that they've presented and the way this has come up on appeal— Well, he just made an argument which you now have an opportunity to comment on, rather than going back to what you already told us. It just troubles me. I mean, why is that not right? Why isn't he right about that? Right about that they can go back? I'm sorry, I don't understand the question. He was convicted of murdering his wife. Yes, sir. And that conviction was for having murdered her, and at the instant that he did, before any of these benefits supposedly would have been, you know, theoretically, would have been due. But he never had, once he was convicted, he never had the right to assign them at all, or to receive them and then assign them. We believe that he did. We believe that he should have gotten these benefits, that he was eligible, and that under the Texas State Court turnover order, he should have assigned them. Mr. Stephens, if in fact the benefits were paid, let's assume for the moment that this court hypothetically would have provided you with a payment under the proceedings, the government would be able to call back and try to get those back, right? That's correct, Your Honor, but I have to stress that that's looked at under a different standard. But they could proceed against the payment. I believe they could. Even if the amount of money is now gone and spent and no longer available for recovery? I believe that there is a callback provision, and that's the way I understand it. But I think we would be here looking at it under the standard of 8470B, which is different, and it looks at… If I can just tell you this. It looks at it as the individual who's received the payment, are they without fault, and would recovery be against equity and good conscience? And we think in light of all the circumstances, if the money was paid to the petitioner, that she would prevail under this. Okay, thank you. Thank you. Case is submitted.